BARNETTE, Judge.
The plaintiff, Charles Johnson, Jr., brought suit against New Orleans Public Service, Inc. seeking damages on behalf of his minor daughter for injuries allegedly sustained by her and individually for recovery of medical expenses. A judgment of $709.50 was rendered in his favor, being $500.00 on behalf of his minor daughter for her personal injuries and $209.50 individually for special damages. The plaintiff has appealed, seeking an increase of damages.
Plaintiff’s daughter, Deborah Johnson, a 15 year old school girl, was allegedly bumped or in some manner forced against a telephone pole on a street corner by a Public Service bus, while standing at the bus stop with other school children waiting for the bus. The manner of the alleged impact which caused her to be thrown against the pole was not clearly explained, but the trial judge did find as a fact that there was some physical injury resulting from the incident. It appears that the bus approached the bus stop too close to the waiting children and either bumped or crowded the child against the telephone pole. The defendant has not appealed from this finding and the judgment of liability. The only question before us is the quantum of damages.
The minor plaintiff was treated or examined by Dr. William Fisher and Dr. Ray J. Haddad, Jr. Their reports were stipulated and filed in evidence. Dr. Fisher saw Deborah Johnson on January 24, 1967, the day following the alleged accident. His first report, dated January 31, in pertinent part was as follows:
“Examination of the neck reveals a normal range of motion. Deep digital palpation reveals tenderness over the posterior third of the left rotator cuff. She complains of pain when the left arm is elevated to a horizontal position.
“Examination of the back reveals no loss of lumbar lordosis. There is moderate limitation of flexion. Hyperextension and right and left flexions are nor *245 mal in range. Deep digital palpation reveals tenderness over the paravertebral muscles from' the level of T-9 to L-l on the left. No muscle spasm is noted. There is no especial tenderness on the right.
* * * * * *
“OPINION”
“Upon the basis of the history, physical examination and x-rays this person had as the result of an accident, a moderate sprain of the mid back limited clinically to the left and a contusion involving the posterior third of the left rotator cuff of the shoulder. At this time I am recommending conservative management which will include medications for pain and muscle relaxation and the recommendation to use a hot tub soak daily. I anticipate she will require approximately two to four weeks of treatment for a satisfactory recovery. No permanent disability is anticipated. Upon completion of treatment a final report will be forwarded to you.”
His second and final report dated March 10th, after nine additional office visits, was as follows:
“Following my initial examination of her in my office on January 24, 1967, conservative medical treatment was prescribed. She was initially seen daily and later at weekly intervals. The injury of the left shoulder subsided in approximately three weeks. She continued to complain of pain in the back area at the alleged site of injury until about a week ago. At the present time she complains of pain in both thighs; in regards [sic] to this I am unable to connect this complaint with the initial injury. Upon the basis of no painful symptoms at the injury sites I discharged her on March 10, 1967. In my opinion she has made a satisfactory recovery from her injuries and no permanent disability remains.”
She was examined by Dr. Haddad on February 8th who reported in pertinent part as follows:
“On examination today the patient presents very little objective findings. From her history and complaints of pain on palpation of the back she appears to have sustained a contusion of the upper back and shoulder. It is only two weeks since her injury and I think she probably should refrain from excessive activities, any heavy lifting or straining and I would feel that within a period of two to four weeks most of these symptoms should subside without significant residual.”
There was no other medical evidence, and we have only the child’s complaints of pain and discomfort.
Clearly this was a relatively minor injury which caused no permanent effects but, at most, some moderate pain and discomfort for approximately four weeks. The trial judge’s award of $500.00 for her injury which was supported by his reasons for judgment dictated into the record at the conclusion of the trial, was well within the range of reasonable and just compensation for the minor injury.
The jurisprudence of this State is clearly established that, except for a clear abuse of the “much discretion” vested in the trial judge or jury, the award of damages for personal injury will not be disturbed. This principle is so elementary as to require no citation of authority. There is no indication whatever of an abuse of that discretion in this case.
There is no issue over the award for special damages.
The judgment is affirmed at appellant’s cost.
Affirmed.